# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

LISA WYTKO,

      Plaintiff,

v.

                                        **MEMORANDUM OF LAW & ORDER**
                                        Civil File No. 10-2210 (MJD/AJB)

I-FLOW CORPORATION,

          Defendant.

Gregory N. McEwen, McEwen Law Firm, Ltd., and Nathan D. Prosser and Yvonne M. Flaherty, Lockridge Grindal Nauen PLLP, Counsel for Plaintiff.

Michael C. Lindberg, Johnson & Lindberg, PA, Counsel for Defendant.

This matter is before the Court on Defendant I-Flow Corporation's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a). [Docket No. 13] Having received and reviewed all of the parties' submissions regarding this motion, as well as the entire record in this case, the Court concludes that oral argument is unnecessary and will rule on the papers in this matter. Therefore, oral argument currently scheduled for Friday, March 4, 2011, is cancelled.

This action is one of many product-liability actions involving pain pumps that have been filed in the District of Minnesota despite having no discernable

1

connection to Minnesota.  Plaintiff Lisa Wytko is a citizen of New Jersey.

Defendant I-Flow Corporation is a Delaware corporation with its principal place

of business in California.  Plaintiff underwent shoulder surgeries in New Jersey

in 2007.  She now sues for damages that she allegedly sustained from pain

pumps that continuously injected anesthetic into her shoulder joint following the

surgeries.  No act giving rise to this action occurred in Minnesota, and none of

the alleged injuries for which Plaintiff seeks to recover were suffered in

Minnesota.

Defendant maintains that, pursuant to 28 U.S.C. § 1404, transfer to the

United States District Court for the District of New Jersey is warranted.  Plaintiff

opposes transfer.  When considering a motion to transfer under § 1404(a), the

Court considers three factors: "(1) the convenience of the parties, (2) the

convenience of the witnesses, and (3) the interests of justice."  Terra Int'l, Inc. v.

Miss. Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997).  When analyzing the

convenience prong, courts typically consider "(1) the convenience of the parties,

(2) the convenience of the witnesses – including the willingness of witnesses to

appear, the ability to subpoena witnesses, and the adequacy of deposition

testimony, (3) the accessibility to records and documents, (4) the location where

the conduct complained of occurred, and (5) the applicability of each forum

state's substantive law." Id. at 696.

Transferring this case will promote the interests of justice and the

convenience of the parties.  No party, potential witness, evidence, or relevant

event has any relevant connection to Minnesota.  Moreover, a transfer will not

prejudice any party.  This case will remain in federal court and, assuming that

this case was properly filed in Minnesota, the same choice-of-law rules would

apply after transfer.  See Ferens v. John Deere Co., 494 U.S. 516, 523 (1990)

(holding that a § 1404(a) transfer does not change the law applicable in a

diversity case).  The main effect of a transfer will be to put the parties in a forum

that has some connection to the underlying dispute and is more convenient for

the parties.

Other judges in the District of Minnesota have determined that transfer is

warranted in cases presenting issues identical to those in this case.  See, e.g.,

Coccodrilli v. I-Flow Corp., Civil No. 10-2083 (JNE/SRN) (D. Minn. Aug. 11,

2010); Murphy v. I-Flow Corp., Civil No. 10-674 (DSD/SRN), 2010 WL 2985707

(D. Minn. July 26, 2010); Powell v. I-Flow Corp., 711 F. Supp. 2d 1012 (D. Minn.

2010).  The Court agrees with the reasoning and conclusion of those cases.

Therefore, for the convenience of the parties and witnesses and in the interest of justice, the Court transfers this case to the District of New Jersey.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant I-Flow Corporation's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) [Docket No. 13] is **GRANTED**.

2. This case is transferred to the United States District Court for the District of New Jersey.

Dated:   January 27, 2011                    s/ Michael J. Davis
                                             Michael J. Davis
                                             Chief Judge
                                             United States District Court

4